# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LOABAT AMIRI, *et al.*,

        Plaintiffs,

v.

ELAINE C. DUKE, *et al.*,

        Defendants.

_____/

Civil No. 17-12188
Hon. Thomas L. Ludington
Mag. Judge Patricia T. Morris

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**

# **TABLE OF AUTHORITIES**

*Abdullah v. INS*,
  184 F.3d 158 (2d Cir. 1999) .................................................................................... 3

*Almario v. Att'y Gen.*,
  872 F.2d 147 (6th Cir. 1989) ................................................................................... 5

*Bangura v. Hansen*,
  434 F.3d 487 (6th Cir. 2006) ................................................................................... 5

*Beauvais v. Cox*,
  08-11881, 2008 WL 4965360 (E.D. Mich. Nov. 18, 2008) .................................... 7

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................ 7

*Bruno v. Albright*,
  197 F.3d 1153 (D.C. Cir. 1999) .............................................................................. 2

*Cherri v. Mueller*,
  951 F. Supp. 2d 918 (E.D. Mich. 2013) .................................................................. 4

*Clapper v. Amnesty Intern. USA*,
  568 U.S. 398 (2013) ................................................................................................ 6

*Conley v. Gibson*,
  355 U.S. 41 (1957) .................................................................................................. 7

*Cutshall v. Sundquist*,
  193 F.3d 466 (6th Cir. 1999) ................................................................................... 7

*Doe v. Michigan Dep't of State Police*,
  490 F.3d 491 (6th Cir. 2007) ................................................................................... 6

*Gegiow v. Uhl*,
  239 U.S. 3 (1915) .................................................................................................... 5

*Hazama v. Tillerson*,
   851 F.3d 706 (7th Cir. 2017) .......................................................................... 2, 3, 4

*Kerry v. Din*,
   135 S.Ct. 2128 (2015) ................................................................................ 2, Passim

*Khanom v. Kerry*,
   37 F. Supp. 3d 567 (E.D.N.Y. 2014) ..................................................................... 3

*Lihua Xu v. U.S. Dep't of State*,
   No. 2:08-cv-1023, 2010 WL 3942723 (S.D. Ohio Oct. 6, 2010) ........................... 2

*Mandel v. Kleindienst*,
   408 U.S. 753 (1972) ............................................................................................... 4

*Olsen v. Albright,*
   990 F. Supp. 31 (D.D.C. 1997) .............................................................................. 3

*Patel v. INS,*
   811 F.2d 377 (7th Cir. 1987) .................................................................................. 3

*Paul v. Davis*,
   424 U.S. 693 (1976) ............................................................................................... 6

*Tarhuni v. Holder*,
   8 F. Supp. 3d 1253 (D. Or. 2014) .......................................................................... 6

*United States v. Slocum,*
   464 F.2d 1180 (3d Cir. 1972) ................................................................................. 3

*Van Atta v. Defense Intelligence Agency*,
   Case No. 87-1508, 1988 WL 73856 (D.D.C. July 6, 1998) ................................... 7

## **STATUTES**

8 U.S.C. § 1182(a)(3)(B) ................................................................................................ 2

In their response, Plaintiffs clarify that they are not challenging the authority of Defendants to maintain records. *See* Dkt. 26 at 31-32. Rather they are only challenging the use of those records to "deny immigration benefits." *Id.*[1] And the only "immigration benefit[]" referenced in the Amended Complaint is the denial of a visa to Plaintiff Latif.[2] Thus, as a threshold matter, the Department of Homeland Security ("DHS") and its sub-agencies should be dismissed from this litigation. In addition, Defendants wish to focus on three issues: (i) Plaintiffs' failure to show why their claims regarding the denial of a visa to Mr. Latif are not barred by the doctrine of consular nonreviewability, (ii) Plaintiffs' failure to demonstrate standing, and (iii) Plaintiff's failure to show a reputational injury under the Due Process Clause.

(i) *Consular Nonreviewability* - As set forth in Defendants' motion to dismiss, Plaintiffs' claims are barred by the doctrine of consular nonreviewability

---

[1] Specifically, Plaintiffs explained that they "are not stating that the Defendants are not allowed to keep records on individuals; rather the Plaintiffs argue that those records cannot be used in a discriminatory manner to deny immigration benefits." *See* Dkt. 26 at 31-32. In addition, Plaintiffs withdraw their Sixth Amendment claim. *See* Dkt. 26 at 31. Thus, the Government will not address this claim here.

[2] Defendants note that Plaintiffs' response does reference a paragraph in the Second Amended Complaint alleging that a TECs record was created for Dr. Amiri in November 2010. *See* Dkt. 26 at 10 citing Dkt. 19 at ¶ 43. But Dr. Amiri does not appear to be seeking any relief with respect to this TECs record or alleging that she suffered a loss of a benefit as a result of this record.

and *Kerry v. Din*, 135 S.Ct. 2128 (2015). *See* Dkt. 20 at 11, 16-19. Plaintiffs offer three reasons why *Din* does not apply. These arguments are without merit.

First, Plaintiffs argue that the present case is distinguishable from *Din*, because the present case involves a denial under 8 U.S.C. § 1182(a)(3)(B). *See* Dkt. 26 at 13, 17, 19, 21-23. But *Din* involved the same statutory provision: 8 U.S.C. § 1182(a)(3)(B). *See Din*, 135 S.Ct. at 2141; *see, e.g.*, *Hazama v. Tillerson*, 851 F.3d 706, 709 (7th Cir. 2017) (also applying this provision). And the Court was emphatic in rejecting the very argument Plaintiffs now make. *See Din*, 135 S.Ct. at 2141 (Kennedy, J., concurring) (recognizing that there is no requirement to "to point to a more specific provision within § 1182(a)(3)(B)").[3] Thus, the Supreme Court has already addressed this argument.[4]

Second, Plaintiffs argue that they are entitled to judicial review because they are Muslims and they allege, without any factual support, that the Government acts

---

[3] Plaintiffs rely on Justice Breyer's dissent in that case. *See* Dkt. 26 at 20. But the citation to the dissent simply underscores that the Court considered the argument that Plaintiffs are making and rejected it.

[4] To be clear, the Administrative Procedure Act does not provide an independent right to seek judicial review of the decision by a consular officer to grant or deny a visa. *Khanom v. Kerry*, 37 F. Supp. 3d 567, 575 (E.D.N.Y. 2014); *see, e.g.*, *Bruno v. Albright*, 197 F.3d 1153, 1162 (D.C. Cir. 1999); *Lihua Xu v. U.S. Dep't of State*, No. 2:08-cv-1023, 2010 WL 3942723, *4 (S.D. Ohio Oct. 6, 2010).

in bad faith towards Muslims. *See* Dkt. 26 at 24-26.[5] But this type of unsupported claim is not sufficient. *See Din*, 135 S.Ct. at 2141 (Kennedy, J., concurring); *see, e.g.*, *Hazama*, 851 F.3d 706, 709. As Justice Kennedy explained in *Din*, once the consular officer provides a facially legitimate reason for the visa refusal, the plaintiff has the burden of proving that the reason was not bona fide by making an "affirmative showing of bad faith on the part of the consular officer who denied [] visa" that is "plausibly alleged with sufficient particularity." *Din*, 135 S.Ct. at 2141.[6] Simply alleging that an applicant is Muslim is insufficient.

---

[5] Plaintiffs do cite a number of cases in this section of their response, but none of these cases indicate bad faith towards Muslims. *See* Dkt. 26 at 24-25 citing *Olsen v. Albright,* 990 F. Supp. 31, 33 (D.D.C. 1997) (addressing allegations that officials in the consulate in Brazil were making notations regarding applicants based on their class and ethnicity); *Patel v. INS,* 811 F.2d 377, 382-83 (7th Cir. 1987) (holding that the Board of Immigration Appeals did *not* abuse its discretion in denying Mr. Patel's application for adjustment of status); *United States v. Slocum,* 464 F.2d 1180, 1884 (3d Cir. 1972) (upholding a criminal conviction finding that the search of a defendant's luggage was not based on profiling). It is true that in *Abdullah v. INS* there was a finding by the district court that the former immigration officials engaged in discrimination against Indian and Pakistani applicants. *See* 921 F. Supp. 1080, 1093-94 (S.D.N.Y. 1996). But this ruling was reversed on appeal because the evidence of discrimination was insufficient. *Abdullah v. INS*, 184 F.3d 158, 166 (2d Cir. 1999) *cert. denied* 120 S. Ct. 1670 (2000). In sum, none of these cases in any way suggest that consular officers located in the United Kingdom currently discriminate against Muslims in adjudicating visas. Moreover, allowing Muslims, but not non-Muslims, to seek judicial review of the decision by a consular officer to deny a visa would itself raise serious constitutional and statutory concerns.

[6] Plaintiffs incorrectly state that "Defendants concede . . . [that] limited judicial review" is available in cases of bad faith. *See* Dkt. 26 at 17. But Defendants'

Third, Plaintiffs argue that the doctrine of consular nonreviewability does not apply because the consular officer purportedly relied on information from other agencies. *See* Dkt. 26 at 13-15. But there is no authority for this proposition or for the argument that it is inappropriate for a consular officer to view information from other agencies prior to making visa determinations. *See Din*, 135 S.Ct. at 2141 (Kennedy, J., concurring).

(ii) *Standing* - Defendants argued at length that, in any event, Mr. Latif could not challenge the denial of his visa application because as a non-resident, unadmitted alien he has no constitutional right to entry to this country. *See* Dkt. 20 at 17-19, 25-26 citing *inter alia Mandel v. Kleindienst*, 408 U.S. 753, 762 (1972); *Hazama*, 851 F.3d at 708 ("[U]nadmitted, nonresident aliens have no free-standing constitutional right to enter the United States").

---

position is that the plurality opinion in *Din* is the better view and there is no judicial review. *See* Dkt. 20 at 18-19; *see also id.*, at 25-26, 26 n.13. To the extent that there is any review, such review is limited to those circumstances in which there is an "affirmative showing of bad faith." *Din*, 135 S.Ct. at 2141 (Kennedy, J., concurring).

Plaintiffs also argue that, notwithstanding *Din*, they are entitled to discovery to establish bad faith. Dkt. 26 at 26 citing *Cherri v. Mueller*, 951 F. Supp. 2d 918 (E.D. Mich. 2013). But *Cherri*, which pre-dates *Din*, has nothing do with the doctrine of consular nonreviewabiliy. Rather, *Cherri* involves claims by U.S. citizens asserting constitutional and other claims regarding a purported FBI policy or practice. *See* 951 F. Supp. 2d at 922-23 (dismissing claims under the First Amendment, but finding plaintiffs stated a claim under the Fifth Amendment).

4

In response, Plaintiffs argue that Mr. Latif was "definitely affected" by the denial of a visa and, thus, he has standing to challenge the denial. *See* Dkt. 26 at 27-30. But, no one disputes that Mr. Latif was affected by the consular officer's decision. The argument was that, under Supreme Court precedent, he lacks a protected constitutional interest that would allow him to sue in U.S. courts. Dkt. 20 at 25-26. Plaintiffs' response does not address this argument.[7]

Similarly, Defendants argued that Dr. Amiri lacks standing to challenge the denial of a visa to her husband. *See* Dkt. 20 at 18-19, 26. Under Sixth Circuit law, although a couple has "a fundamental right to marry[,] . . . [a] denial of an immediate relative visa does not infringe upon their right to marry." *See Bangura v. Hansen*, 434 F.3d 487, 496 (6th Cir. 2006).[8] In their response, Plaintiffs do not address this authority. *See* Dkt. 26 at 28. Instead, they point to authorities recognizing that, as a general matter, there is a constitutional right to a marital relationship. *See id*. This is simply non-responsive to Defendants' argument.

---

[7] For the sake of completeness, Defendants note that, in addressing standing, Plaintiffs do cite a decision by Oliver Wendell Holmes, *Gegiow v. Uhl*, 239 U.S. 3, 9-10 (1915). *See* Dkt. 26 at 27. But this case stands for the proposition that an alien in detention can challenge his detention through a writ of habeas corpus. Here, Mr. Latif is not in detention so this proposition is not applicable.

[8] *See, e.g.*, *Almario v. Att'y Gen.*, 872 F.2d 147, 151 (6th Cir. 1989) ("[T]he Constitution does not recognize the right of a citizen spouse to have his or her alien spouse remain in this country. . .").

5

(iii) *Reputational Harm* - Assuming *arguendo* that Mr. Latif has a constitutionally protected interest, neither Mr. Latif nor Dr. Amiri state a claim under the "stigma-plus" standard. *See Doe v. Michigan Dep't of State Police*, 490 F.3d 491, 501-2 (6th Cir. 2007) citing *Paul v. Davis*, 424 U.S. 693, 711 (1976) (requiring that a plaintiff demonstrate that (i) he suffered a stigma from governmental action, plus (ii) he experienced an alteration or extinguishment of a right or status previously recognized by law).

Mr. Latif's and Dr. Amiri's potential claim fails because they do not allege any facts demonstrating either prong. To the contrary, in their response, Plaintiffs appear to concede the implications of a record in "some database" regarding them is "unknown." Dkt. 26 at 28.[9] Without more, alleging "unknown implications" is insufficient to show stigmatization. *See Tarhuni v. Holder*, 8 F. Supp. 3d 1253, 1275 (D. Or. 2014) (holding that an instruction to an airline does "not constitute

---

[9] They also allege that it is "more likely than not" that the Government "shared derogatory information with British officials" about Mr. Latif. Dkt. 26 at 29. But this type of speculation is insufficient to establish standing. *See Clapper v. Amnesty Intern. USA*, 568 U.S. 398, 408-409, 411 (2013). Plaintiffs do not (i) allege any facts to support this conjecture, (ii) allege any facts demonstrating an injury-in-fact traceable to this alleged sharing of information, or (iii) demonstrate that this alleged injury can be redressed by this Court. *See id*. at 410-11, 412-13, 414. Moreover, the Government's decision to "share information with a foreign power does not open that information to public scrutiny or undermine the reasons for nondisclosure." *Van Atta v. Defense Intelligence Agency*, Case No. 87-1508, 1988 WL 73856, *2 (D.D.C. July 6, 1998).

dissemination of the stigmatizing information . . ."). And even assuming Plaintiffs could show stigmatization, Plaintiffs failed to allege that Defendants' conduct altered a right or status previously recognized by law. *See Cutshall v. Sundquist*, 193 F.3d 466, 480 (6th Cir. 1999); *Beauvais v. Cox*, 08-11881, 2008 WL 4965360, *6 (E.D. Mich. Nov. 18, 2008) (dismissing for failure to state a claim because plaintiff failed to satisfy this prong).[10]

WHEREFORE, this action should be dismissed with prejudice.

Dated: December 15, 2017    Respectfully submitted,

| | |
|---|---|
| CHAD A. READLER<br>Principal Deputy Assistant Attorney General<br>Civil Division | /s/ *Aaron Goldsmith*<br>AARON S. GOLDSMITH<br>Senior Litigation Counsel<br>Office of Immigration Litigation<br>District Court Section |
| WILLIAM C. PEACHEY<br>Director<br>Office of Immigration Litigation<br>District Court Section | P.O. Box 868, Ben Franklin Station<br>Washington, DC 20044<br>Telephone: (202) 532-4107<br>Aaron.Goldsmith@usdoj.gov |
| JEFFREY S. ROBINS<br>Assistant Director | Counsel for Defendants |

---

[10] To be clear, *Conley v. Gibson* is no longer the correct standard for a motion to dismiss. *See* Dkt. 26 at 11 citing 355 U.S. 41, 45-46 (1957); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (holding complaint must contain sufficient factual matter to "state a claim that is plausible on its face").

## CERTIFICATION OF SERVICE

I hereby certify that on December 15, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will provide electronic notice and an electronic link to this document to the attorneys of record.

> By: */s/ Aaron Goldsmith*
> AARON S. GOLDSMITH
> Senior Litigation Counsel
> United States Department of Justice
> Civil Division