**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LOABAT AMIRI, *et al.*,

      Plaintiffs,　　　　　　　　　Civil No. 17-12188
　　　　　　　　　　　　　　　　　　　　Hon. Thomas L. Ludington
v.　　　　　　　　　　　　　　　　　　Mag. Judge Patricia T. Morris

KIRSTJEN NIELSEN, *et al.*,[1]

      Defendants.
_____/

**DEFENDANTS' REPLY TO PLAINTIFFS'**
**FILING OF A BOARDING FOIL PER THIS COURT'S ORDER**

On January 12, 2018, Dkt. 31 at 2, this Court granted Defendants permission to reply to Plaintiffs' filing of a document marked "NOT A VISA" from an unknown individual with no apparent connection to this case. *See* Dkt. 30-1 (emphasis original). The document Plaintiffs filed appears to be a document known as a "boarding foil." *See* Dkt. 30-1.

As stated on its face, the boarding foil is not a visa, but rather a document prepared at the request of the Department of Homeland Security ("DHS") that effectively enables an individual without a proper travel document, such as a valid passport with an unexpired visa, to board an airplane to the United States without

---

[1] Secretary Nielsen is automatically substituted for Deputy Secretary Duke pursuant to Federal Rule of Civil Procedure 25(d).

the airline incurring liability for transporting an alien without a visa to the United States. *See* 8 U.S.C. § 1323 (regarding carrier liability). A boarding foil is prepared under a handful of circumstances (such as when a lawful permanent resident is returning from temporary overseas travel of less than one year and their Green Card has been lost, stolen, or destroyed). The current practice is that the individual completes an I-131A, Application for Travel Document (Carrier Document). Upon request, Defendants will provide additional documents regarding this form and the application process.[2]

However, the boarding foil has no bearing on any issue in the present litigation. *See* Dkt. 30-1. Mr. Latif is not a lawful permanent resident and has not alleged that he has been denied a boarding foil. Rather he is an individual who is challenging the decision of a consular officer to deny him a visa. *See* Dkt. 19; *see generally*, 8 U.S.C. § 1201(a) (authorizing consular officers to issue visas); 22 C.F.R. §§ 42.51-63, 65-67, 71-81 (the U.S. Department of State's regulations governing the issuance and refusal of visas).[3] Defendants argue that this Court

---

[2] The boarding foil has no impact on any claim Dr. Amiri might have because, but her own admission, she has not been denied any immigration benefit. *See* Dkt. 19 at ¶¶ 34-35, 46.

[3] Generally, an immigrant shall not be admitted into the United States unless at the time of application for admission the individual has a valid unexpired immigrant visa or was born subsequent to the issuance of such visa of the accompanying parent. *See* 8 U.S.C. § 1181(a). To the extent Plaintiffs contend

lacks jurisdiction over this type of challenge under the doctrine of consular nonreviewability and *Kerry v. Din*, 135 S.Ct. 2128 (2015). *See* Dkt. 20 at 11, 16-19. The boarding foil Plaintiffs submitted has no bearing on the decision of the consular officer or the process by which this decision was made.

In sum, a document from an individual - unrelated to the present litigation - marked "NOT A VISA" is not relevant to whether this Court has jurisdiction to review a consular officer's decision denying a visa. *See* Dkt. 30-1.

| | |
|---|---|
| Dated: January 19, 2018 | Respectfully submitted, |
| CHAD A. READLER<br>Acting Deputy Assistant Attorney General<br>Civil Division | /s/ *Aaron Goldsmith*<br>AARON S. GOLDSMITH<br>Senior Litigation Counsel<br>Office of Immigration Litigation |
| WILLIAM C. PEACHEY<br>Director<br>Office of Immigration Litigation<br>District Court Section | District Court Section<br>P.O. Box 868, Ben Franklin Station<br>Washington, DC  20044<br>Telephone:  (202) 532-4107<br>Aaron.Goldsmith@usdoj.gov |
| JEFFREY S. ROBINS<br>Assistant Director | Counsel for Defendants |

---

that it is DHS that is responsible for the issuance of visas, this is obviously not correct. *See* 8 U.S.C. § 1103 (detailing the responsibilities of DHS); 8 U.S.C. § 1201(a)(1) (detailing the responsibilities of consular officers); *see generally Din*, 135 S.Ct. at 2131(describing the visa process generally).

## CERTIFICATION OF SERVICE

I hereby certify that on January 19, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will provide electronic notice and an electronic link to this document to the attorneys of record.

       By: */s/ Aaron Goldsmith*
          AARON S. GOLDSMITH
          Senior Litigation Counsel
          United States Department of Justice
          Civil Division